Filed 6/6/22  Kirby v. Toplean CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| WILLIAM W. KIRBY, | C093453 |
| Plaintiff and Respondent, | (Super. Ct. No. S-CV-0043355) |
| v. | |
| PETE TOPLEAN, | |
| Defendant and Appellant. | |

Defendant Pete Toplean appeals from the trial court's denial of his motion to set aside a default judgment.  He raises various claims, none of which has merit.  Consequently, we affirm the judgment.

1

**FACTS AND PROCEEDINGS**

*Factual Background*

The following factual recitation summarizes the facts as described by plaintiff's first amended complaint.

In 2015, defendant built a home in Auburn as an owner-builder without a contractor's license. Once construction was finished, defendant changed his mind and decided to sell the home. Plaintiff purchased the property. In 2016, plaintiff transferred title to the property into a trust.

Plaintiff subsequently noticed numerous cracks beginning to form in the large columns supporting the roof. The rear patio also had sunk more than six inches in the corner. In May 2019, plaintiff gave defendant written notice pursuant to Civil Code section 910, which defendant did not answer. Plaintiff believed that defendant was aware of the issues before selling the property, but he made material misrepresentations and omissions regarding the extent of the defects.

*Procedural History*

Plaintiff filed a complaint on July 29, 2019. Defendant did not answer, and on September 19 plaintiff filed a request for entry of default. On February 10, 2020, plaintiff amended the complaint to specify the amount of alleged damages. On March 2, plaintiff filed proof that defendant was served with the amended complaint and summons. Defendant did not answer the amended complaint, and plaintiff filed a new request for entry of default on May 15 and again on May 18.

On July 14, 2020, defendant first appeared in the case at a case management conference, and the court granted defendant a continuance to September 1 to allow him to file a motion to set aside the default. Defendant did not file anything by that date, and on September 1 the trial court approved plaintiff's request for entry of default judgment and awarded damages of $182,916 plus postjudgment interest.

On September 28, 2020, defendant moved to set aside the default judgment on the basis of inadvertence, surprise, mistake, or excusable neglect. He asserted that he "relied upon [his] Insurance company to handle the deficiencies of the property," and that he otherwise would have answered the complaint.

On December 8, 2020, the trial court denied defendant's motion. The court concluded: "Defendant fails to establish that his failure to timely respond to the first amended complaint was due to inadvertence, surprise or excusable neglect, or that default could have been avoided through the exercise of ordinary care. [Citation.] Defendant's unsupported claim that he 'relied upon my insurance company to handle the deficiencies of the property', does not constitute excusable neglect, inadvertence or surprise such that his failure to respond to the lawsuit would be justified."

On that same day, defendant filed a motion to reconsider and a motion to stay the judgment pending appeal. On January 15, 2021, the trial court denied defendant's motions. The court noted defendant's motion to reconsider was procedurally deficient because it lacked an affidavit identifying new or different facts, circumstances, or law that he was unable to present to the court at the time of the initial hearing. The court denied defendant's motion to stay because he failed to show that he had perfected an appeal or that an undertaking had been given.

Defendant filed a notice of appeal in the trial court on January 24, 2021, which was received by this court on February 1. Defendant purported to appeal the court's January 15, 2021, order denying his motion for reconsideration, but that order is not appealable. (Code Civ. Proc., § 1008, subd. (g) [denial of a reconsideration motion is not separately appealable]; *Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 51.)[1] Accordingly, we construe defendant's notice of appeal as appealing from the

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

3

court's December 8, 2020, order denying his motion to set aside the default judgment. The case was fully briefed in March 2022 and was assigned to the current panel on March 30, 2022. The parties waived argument and the case was submitted on May 24, 2022.

## DISCUSSION

### I

### *Denial of Defendant's Motion to Set Aside Default Judgment*

Defendant raises multiple arguments, none of which has merit. First, he contends that he had six months to move to set aside the default judgment, but he fails to explain why that is relevant here, where the trial court did not deny his motion based on timeliness, but rather on the basis that he did not show his failure to respond to plaintiff's first amended complaint was due to inadvertence, surprise, or excusable neglect, or that default could have been avoided through the exercise of ordinary care. Accordingly, the length of time he had to file his motion is irrelevant to the court's denial of his motion.

Second, defendant claims the trial court entered a default judgment "arbitrarily and prematurely." We disagree. Plaintiff filed proof of service of the amended complaint and summons on March 2, 2020, and plaintiff filed requests for entry of default on May 15 and May 18. The trial court granted defendant a continuance until September 1, by which date he was required to file a motion to set aside the default. Having failed to file his motion by that date, the trial court approved plaintiff's request for entry of default judgment. The court entered the default judgment nearly six months after defendant had been served with the amended complaint and summons, and only after the court had given defendant 50 days to file a motion to set aside the default. (See §§ 471.5 [defendant shall answer amended complaint within 30 days after service thereof]; 586, subd. (a)(1) [judgment shall be rendered if defendant fails to answer amended complaint within 30 days after service thereof].) Defendant presents no coherent argument as to why the trial court's entry of a default judgment was arbitrary or premature.

4

Third, defendant argues that all of plaintiff's filings before his first amended complaint are null and void. An amended complaint supersedes all prior complaints (*Lee v. Bank of America* (1994) 27 Cal.App.4th 197, 215), but we do not see how that is relevant to defendant's appeal.

Fourth, defendant contends the trial court clerk was not authorized to enter judgment pursuant to section 585, subdivision (a). In an action seeking recovery of money or damages only, where defendant has failed to answer the complaint and plaintiff has filed a written application and proof of service of summons, the clerk of court "shall enter the default of the defendant . . . , so served, and immediately thereafter enter judgment for the principal amount demanded in the complaint." (§ 585, subd. (a).) Here, the complaint expressly alleged a definite, fixed amount of damages.

Fifth and finally, defendant argues that he has been deprived of his day in court based on the trial court's "finding his motion to set aside the default judgment to be moot." But the trial court did not find defendant's motion to set aside the default judgment to be moot. Rather, the trial court denied the motion on the merits on the basis that defendant failed to establish that his failure to respond to the first amended complaint was due to inadvertence, surprise, or excusable neglect, or that default could have been avoided through the exercise of ordinary care.

A trial court's ruling on a motion to set aside a default judgment is reviewed for abuse of discretion. (*Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 749.) Defendant has not shown that the trial court abused its discretion in denying his motion to set aside the default judgment.

5

## DISPOSITION

The judgment is affirmed. Costs are awarded to the plaintiff. (Cal. Rules of Court, rule 8.278(a).)

　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　Duarte, J.

We concur:

　　　/s/
Hull, Acting P. J.

　　　/s/
Renner, J.

6